# EXHIBIT A

**SALTZ MONGELUZZI BENDESKY P.C.**
BY: JEFFREY P. GOODMAN/SAMUEL B. DORDICK
MAX H. DEHON
IDENTIFICATION NO. 309433/322647/334148
52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103
(215) 496-8282

ATTORNEYS FOR PLAINTIFF

Filed and Attested by the
Office of Judicial Records
08 JAN 2025 01:22 pm
G. IMPERATO

| | |
|---|---|
| **STEVEN GARCIA**<br><br>*Plaintiff*<br>*vs.*<br><br>**MARRIOTT INTERNATIONAL, INC.; NF V MEADOW LANDS OP CO, LLC; CONCORD HOSPITALITY ENTERPRISES COMPANY, LLC; PANHANDLE CLEANING & RESTORATION, INC.; DKI RESTORATION, LLC d/b/a DKI COMMERCIAL SOLUTIONS, LLC; ABC CORPORATIONS (1-10); and JOHN DOES (1-10)**<br><br>*Defendants* | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br>**LAW DIVISION**<br><br>**JULY TERM, 2024**<br><br>**NO. 02384**<br><br>**JURY TRIAL DEMANDED** |

“NOTICE

“You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

“YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701”

“AVISO

“Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) dias, a partir de recibir esta demanda y la notificatión para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICO DE REFERENCA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701”

**SALTZ MONGELUZZI BENDESKY P.C.**
BY: JEFFREY P. GOODMAN/SAMUEL B. DORDICK
MAX H. DEHON
IDENTIFICATION NO. 309433/322647/334148
52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103
(215) 496-8282

ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| **STEVEN GARCIA**<br>11780 S.W. 18th Street<br>Apartment 120<br>Miami, FL 33175<br><br>*Plaintiff*<br>*vs.*<br><br>**MARRIOTT INTERNATIONAL, INC.**<br>7750 Wisconsin Ave.<br>Bethesda, MD 20814<br><br>*And*<br><br>**NF V MEADOW LANDS OP CO, LLC**<br>1800 Tanger Blvd<br>Washington, PA 15301<br><br>*And*<br><br>**CONCORD HOSPITALITY ENTERPRISES COMPANY, LLC**<br>11410 Common Oaks Drive<br>Raleigh, NC 27614<br><br>*And*<br><br>**PANHANDLE CLEANING & RESTORATION, INC.**<br>42 38th Street<br>Wheeling, WV 26003<br><br>*And*<br><br>**DKI RESTORATION, LLC d/b/a DKI COMMERCIAL SOLUTIONS, LLC**<br>1720 W. Division Street, Suite 48 | **PHILADELPHIA COUNTY COURT OF COMMON PLEAS LAW DIVISION**<br><br>**JULY TERM, 2024**<br><br>**NO. 02384**<br><br>**JURY TRIAL DEMANDED** |

Chicago, IL 60622

*And*

**ABC CORPORATIONS (1-10)**

*And*

**JOHN DOES (1-10)**

*Defendants.*

**FIRST AMENDED COMPLAINT – CIVIL ACTION**

**1.** Plaintiff, Steven Garcia, is an adult individual and citizen of the State of Florida residing at the above captioned address.

**2.** Defendant, Marriott International, Inc. (hereinafter "Marriott"), is a corporation and/or other business entity organized and existing under the laws of the State of Delaware, with a principal place of business at the above captioned address.

**3.** At all times relevant hereto, Marriott, purposefully established significant contacts in Pennsylvania, and has carried out, and continues to carry out substantial, continuous, and systematic business activities in Pennsylvania, specifically in Philadelphia County.

**4.** At all times relevant hereto, Marriott, was acting by and through its employees, servants, and agents, acting within the course and scope of their employment, service and agency.

**5.** Defendant, NF V Meadow Lands OP CO, LLC (hereinafter "Meadow Lands"), is a corporation and/or other business entity organized and existing under the laws of the State of Delaware with a principal place of business located in the Commonwealth of Pennsylvania at the above captioned address and with its members being Pennsylvania residents.



Case ID: 240702384

**6.** At all times relevant hereto, Meadow Lands, purposefully established significant contacts in Pennsylvania, and has carried out, and continues to carry out substantial, continuous, and systematic business activities in Pennsylvania, specifically in Philadelphia County.

**7.** At all times relevant hereto, Meadow Lands, was acting by and through its employees, servants, and agents, acting within the course and scope of their employment, service and agency.

**8.** Defendant, Concord Hospitality Enterprises Company, LLC (hereinafter "Concord"), is a corporation and/or other business entity organized and existing under the laws of the State of Delaware with a principal place of business located at the above captioned address.

**9.** At all times relevant hereto, Concord, purposefully established significant contacts in Pennsylvania, and has carried out, and continues to carry out substantial, continuous, and systematic business activities in Pennsylvania, specifically in Philadelphia County.

**10.** At all times relevant hereto, Concord, was acting by and through its employees, servants, and agents, acting within the course and scope of their employment, service and agency

**11.** Defendant, Panhandle Cleaning & Restoration, Inc. (hereinafter "Panhandle"), is a corporation and/or other business entity organized and existing under the laws of the State of West Virginia with a principal place of business located at the above captioned address.

**12.** At all times relevant hereto, Panhandle, purposefully established significant contacts in Pennsylvania, and has carried out, and continues to carry out substantial, continuous, and systematic business activities in Pennsylvania, specifically in Philadelphia County.

**13.** At all times relevant hereto, Panhandle, was acting by and through its employees, servants, and agents, acting within the course and scope of their employment, service and agency.

**14.** Defendant, DKI Restoration, LLC d/b/a DKI Commercial Solutions, LLC (hereinafter "DKI"), is a corporation and/or other business entity organized and existing under the laws of the State of Delaware with a principal place of business located at the above captioned address.

**15.** At all times relevant hereto, DKI, purposefully established significant contacts in Pennsylvania, and has carried out, and continues to carry out substantial, continuous, and systematic business activities in Pennsylvania, specifically in Philadelphia County.

**16.** At all times relevant hereto, DKI, was acting by and through its employees, servants, and agents, acting within the course and scope of their employment, service and agency

**17.** Defendants, ABC Corporations (1-5), are unknown private business entities, or governmental organizations that owned, directed, monitored, supplied, supervised and/or maintained the construction project located at or near 1800 Tanger Boulevard, Washington, PA, 15301. Their identities, after reasonable investigation, are unknown to Plaintiff.

**18.** At all times mentioned herein, Defendants, ABC Corporations (1-5) were acting by and through its employees, servants, and actual, apparent, and/or ostensible agents, acting within the course and scope of their employment, service, and/or agency.

**19.** Defendants, ABC Corporations (6-10), are currently unknown private business entities who were general contractors, construction managers, and/or subcontractors responsible for the control, safety, and repair of any and all hazardous conditions described in this Complaint that caused Plaintiff's catastrophic and permanent injuries.

**20.** At all times mentioned herein, Defendants, ABC Corporations (6-10) were acting by and through its employees, servants, and actual, apparent, and/or ostensible agents, acting within the course and scope of their employment, service, and/or agency.



Case ID: 240702384

**21.** Defendants, John Does (1-5), are unknown individuals that owned, directed, monitored, supplied, supervised and/or maintained the construction project located at or near 1800 Tanger Boulevard, Washington, PA, 15301. Their identities, after reasonable investigation, are unknown to Plaintiff.

**22.** At all times mentioned herein, Defendants, John Does (1-5) were acting by and through its employees, servants, and actual, apparent, and/or ostensible agents, acting within the course and scope of their employment, service, and/or agency.

**23.** Defendants, John Does (6-10), are currently unknown individuals who were general contractors, construction managers, and/or subcontractors responsible for the control, safety, and repair of any and all hazardous conditions described in this Complaint that caused Plaintiff's catastrophic and permanent injuries.

**24.** At all times mentioned herein, Defendants, John Does (6-10) were acting by and through its employees, servants, and actual, apparent, and/or ostensible agents, acting within the course and scope of their employment, service, and/or agency.

**25.** Pursuant to Pennsylvania Rule of Civil Procedure 2005, Defendants ABC Corporations (1-10) and John Does (1-10) are currently unidentified, fictitious defendants added ABC Corporation and Doe designations to this action where their names/identities are unknown despite a reasonable and diligent search.

**26.** A reasonable and diligent search was conducted to determine the actual names/identities of ABC Corporations (1-10) and John Does (1-10).

**27.** Plaintiff reserves the right to amend this Complaint and name said unknown individuals and/or entities, designated ABC Corporations (1-5) and (6-10), and John Does (1-5) and (6-10) as aforementioned, as a defendant(s) pursuant to Pennsylvania Rules of Civil Procedure 2005 and 1033.

## FACTS OF THE CASE

**28.** On or about March 4, 2023, Plaintiff, Steven Garcia, was lawfully working on a construction project located at or near 1800 Tanger Boulevard, Washington, PA, 15301 (the "Project").

**29.** The Project consisted of restoration/repair work at the Marriott Hotel (the "Hotel") related to water damage within the Hotel.

**30.** The water damage was caused by leaking at or near the Hotel's indoor pool, which caused the deterioration of the Hotel's drywalls and/or foundation.

**31.** At all times material hereto, Defendants Marriott, Concord, and/or Meadow Lands were the owners, developers, property managers, and/or construction managers of the Project, and was responsible for the hiring of the contractors performing the work at the Project, and the inspection and supervision of the work at the Project, including but not limited to the safety of workers on the Project.

**32.** At all times material hereto, Defendant Panhandle was the general contractor and/or construction manager of the Project, and was responsible for the hiring of the contractors performing the work at the Project, and the inspection and supervision of the work at the Project, including but not limited to the safety of workers on the Project, as well as the provision of necessary equipment including scaffolding.

**33.** At all times material hereto, Defendant DKI was a contractor, general contractor, and/or construction manager of the Project, and was responsible for the hiring of the contractors performing the work at the Project, performance of the Project work, and/or the inspection and supervision of the Project Work, including but not limited to the safety of workers on the Project.

**34.** At all times material hereto, Defendants maintained oversight with regard to the safety of the Project and inspected, supervised and supplied materials, equipment and personnel

for the Project.

**35.** At all times material hereto, Defendants exerted oversight and supervision of safety measures, plans, and procedures relevant to the work being performed at the time of Mr. Garcia's accident.

**36.** At all times relevant hereto, Defendants, Panhandle and/or DKI, provided, erected, and maintained scaffolding utilized for the Project work, including the scaffolding being used at the time of Plaintiff's accident.

**37.** By virtue of exerting oversight and supervision, Defendants were responsible to appropriately plan and/or coordinate the work on the Project in such a way as to ensure the safety of workers on the Project, including Mr. Garcia.

**38.** At all times material hereto, business owners like Defendants must not create an unsafe condition at a work site.

**39.** At all times material hereto, business owners like Defendants must not permit an unsafe condition to continue to exist at a work site.

**40.** At all times material hereto, business owners like Defendants must take steps to prevent unsafe conditions from developing at a work site.

**41.** At all times material hereto, business owners like Defendants are not allowed to needlessly endanger workers.

**42.** At all times material hereto, business owners like Defendants must correct any unsafe conditions it knows or should know about at a work site.

**43.** At all times material hereto, business owners like Defendants must perform inspections on its work sites to discover unsafe conditions.

**44.** At all times material hereto, business owners like Defendants should hire a competent property inspector to perform inspections of its work sites.

**45.** At all times material hereto, business owners like Defendants should train their workers to ensure they perform their job in a safe manner.

**46.** At all times material hereto, business owners like Defendants that refuse or are unable to correct an unsafe condition must provide others with an appropriate notice and warning of the unsafe condition.

**47.** At all times material hereto, business owners like Defendants must train their workers and/or employees to ensure a safe work environment.

**48.** Defendants had a duty to employ and/or retain field personnel, project supervisors and/or safety inspectors to inspect the work being performed and the equipment and materials utilized by contractors and/or subcontractors at the Project.

**49.** Defendants had a duty to provide appropriate and safe equipment for the Project work, including but not limited to scaffolding.

**50.** Defendants had a duty to ensure that all scaffolding supplied for the Project was in a safe condition and was properly and safely erected and maintained throughout the performance of the Project work.

**51.** Defendants had a duty to remove all equipment which was hazardous and/or defective and/or posed a danger to workers on the Project, including but not limited to unsafe scaffolding.

**52.** Defendants breached these aforementioned duties.

**53.** On or about March 4, 2023, Mr. Garcia was properly and lawfully working at the Project, performing construction work from scaffolding that was supplied, erected, and maintained by Defendants, Panhandle and/or DKI.

**54.** Mr. Garcia was tasked with performing demolition of a portion the Hotel's drywall ceiling and was utilizing the scaffolding provided, erected, and/or maintained by

Panhandle and/or DKI, which was set up in Hotel's indoor pool.

**55.** Upon information and belief, the scaffold was improperly erected, not secured, did not have proper guardrails or planks and/or improperly and unsafely installed planks, and was non-compliant with applicable OSHA regulations including but not limited to 29 C.F.R. 1926.450, *et seq* and 29 C.F.R. 1926.502, *et seq*.

**56.** Upon information and belief, specifically, the wooden base and/or planks of the scaffolding were not safely erected nor secured with brackets, attachments, and/or securements.

**57.** Upon information and belief, Mr. Garcia was working on the subject scaffolding when it failed suddenly and without warning, causing Mr. Garcia to be ejected from the scaffolding and fall to the concrete ground beneath him, resulting in permanent and catastrophic injuries described more fully herein.

**58.** Mr. Garcia was also crushed by the collapsing scaffolding.

**59.** Upon information and belief, the scaffolding was not equipped with brackets and/or reinforcements in order to lock and/or secure the base and/or planks of the scaffolding.

**60.** Upon information and belief, no fall protection system, including barriers, guardrails curtains, nets, and/or covers, and/or an improper fall protection system, were set up in or around the scaffolding.

**61.** Upon information and belief, Defendants failed to provide Plaintiff with sufficient and proper fall protection means.

**62.** Defendants failed to ensure fall protection was in use and/or properly used on the Project.

**63.** As a direct and proximate result of the conduct of Defendants, Plaintiff suffered severe and permanent injuries, including, but not limited to, catastrophic injuries to his left leg, foot, and ankle, including, but not limited to, extensively comminuted left calcaneal fractures

extending into the subtalar joint, widening of the subtalar joint, intra articular calcaneal fracture, dislocating peroneal tendons, severe and recurrent infections resulting from the injuries and surgical treatment thereof; depression, anxiety, mental and emotional pain and suffering; chronic physical pain, suffering and loss of life's pleasures, past, present and future; disfigurement; humiliation and embarrassment; neurological injuries and permanent nerve damage; loss of earnings and wages and loss of earnings capacity, past, present and future; hospital, medical and rehabilitation expenses past, present, and future, including multiple surgeries, including open reduction with internal fixation of the left calcaneus, open treatment of calcaneal fracture, future surgeries, medical equipment, supplies and other medical care and treatment; other physical, orthopedic, psychological, psychiatric, and/or neurological injuries, the full extent of which are yet to be determined and some or all of which may be permanent in nature.

**64.** As a direct and proximate result of the conduct of the Defendants, Plaintiff has in the past required, continues to require, and may in the future require, medical treatment and care, including surgeries, physical and/or occupation therapy and medical equipment, and has in the past, continues presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future surgeries, testing, and rehabilitation in an attempt to alleviate and/or cure his condition.

**65.** As a direct and proximate result of the conduct of the Defendants, Plaintiff has in the past, and continues to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on his ability to engage in normal activities and pleasures of life, and other intangible losses.

**66.** As a direct and proximate result of the conduct of the Defendants, Plaintiff has been prevented and will be prevented in the future from performing his usual duties, activities,

occupations and avocations and has suffered a loss of earnings and a loss of earning capacity.

**67.** Plaintiff neither caused nor contributed to his fall or the damages he's suffered as a result of this accident.

**COUNT I – NEGLIGENCE**
**STEVEN GARCIA v. MARRIOTT INTERNATIONAL, INC., NF V MEADOW LANDS OP CO, LLC, CONCORD HOSPITALITY ENTERPRISES, LLC, ABC CORPORATIONS (1-5) and JOHN DOES (1-5)**

**68.** Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

**69.** Upon information and belief, Defendants, Marriott, Concord, Meadow Lands, ABC Corporations (1-5) and John Does (1-5) were the owners, developers, property managers and/or construction managers at the Project, and were responsible for the hiring of the contractors performing the work at the Project, and the inspection and supervision of the work performed at the Project, including but not limited to the safety of the workers at the Project.

**70.** At all times material hereto, Defendants supervised the work on the Project.

**71.** At all times material hereto, Defendants, Marriott, Concord, Meadow Lands, and/or ABC Corporations (1-5) and John Does (1-5), as owners and operators of the property on which the Project was occurring, owed a duty to those persons engaged in work on the premises, including business invitees such as Plaintiff, to provide a reasonably safe environment, free from unreasonable hazards, within which to perform the Project work.

**72.** At all times material hereto, Defendants were operating under a duty and obligation to take reasonable precautions to prevent people from being injured on the Project.

**73.** Defendants owed a duty to ensure the equipment utilized for the Project work was safe and did not pose a hazard to business invitees performing work on the Project, such as Plaintiff.

**74.** Defendants had a responsibility to adopt, promulgate and enforce proper, adequate, necessary and appropriate standards, guidelines, and procedures for the establishment and maintenance of workplace and work site safety and cleanliness.

**75.** Falls from elevated heights and from scaffolding are among the leading causes of severe injuries and deaths suffered by construction workers, such as Plaintiff.

**76.** Defendants knew or should have known that falls from elevated heights and from scaffolding are among the leading causes of severe injuries and deaths suffered by construction workers such as Plaintiff.

**77.** Although Defendants knew or should have known the foregoing, Defendants failed to ensure that proper fall protection means were provided to Plaintiff and in place.

**78.** Although Defendants knew or should have known the foregoing, Defendants failed to ensure that the scaffolding supplied to and erected on the Project site was in a safe condition and safe for use by Defendants' business invitees, including Plaintiff.

**79.** Prior to Plaintiff's accident, Defendants knew or should have known of the existence of the dangerous conditions, particularly the use of the wrong and/or dangerous equipment and/or improperly set up equipment for the job that caused Plaintiff's accident and severe injuries thereof.

**80.** Plaintiff's injuries, damages and losses, as more fully set forth above, were caused by the carelessness, negligence, and other liability-producing conduct of Defendants, Marriott, Concord, Meadow Lands, ABC Corporations (1-5) and John Does (1-5), acting by and through their joint and several agents, servants, workers and/or employees, both generally and in the following particular respects:

a. failing to adequately ensure the safety of the worksite;
b. failing to provide Plaintiff, a business invitee, with a safe place in which to work;

c. failing to adequately implement necessary and appropriate safety measures, plans, recommendations, designs, specifications, inspections and/or procedures;

d. failing to adequately inspect the Project for dangerous and hazardous conditions;

e. failing to plan, plot, design, and/or supervise the construction work properly;

f. failing to adequately supervise the Project;

g. breaching its duties under the Restatement of the Law of Torts (Second) including but not limited to 324A, 343, 343A, 364, 411, 412, 413, 414A, and 415;

h. violating applicable OSHA regulations including but not limited to 29 CFR 1926.450, *et seq.*, and 29 CFR 1926.500;

i. failing to ensure that entities hired to perform the Project work, including but not limited to Defendants, Panhandle and DKI, performed and furnished construction, engineering, fabrication, and inspection services in conformity with the standard of care then and there prevailing in the respective industries at the time said services were performed and furnished;

j. failing to adopt, enact, employ, and/or enforce proper and adequate safety programs, precautions, procedures, measures and plans;

k. failing to properly train and supervise its own employees and contractors' and subcontractors' employees;

l. failing to hire competent employees, safety inspectors, contractors and/or subcontractors;

m. negligently hiring incompetent and/or unsafe contractors, including but not limited to Panhandle and/or DKI, who were incapable of performing the Project work safely and/or incapable of ensuring that the Project work was performed safely by others;

n. negligently hiring incompetent and/or unsafe contractors, including but not limited to Panhandle and/or DKI, who were incapable of supplying safe scaffolding and/or were incapable of properly and safely erecting and maintaining the scaffolding in use at the Project.

o. failing to warn Plaintiff, a business invitee, of the peculiar, dangerous and unsafe conditions then and there existing at the Project;

p. Failing to ensure that proper and adequate fall protection means were in place and available to Plaintiff;

q. Failing to ensure that proper and adequate fall protection means and measures were utilized for the Project work;

r. failing to adopt, enact, employ and/or enforce proper and adequate safety equipment, programs, precautions, procedures, measures, and/or plans;

s. failing to ensure the contractors hired for the Project work performed and furnished construction services in conformity with the standard of care then and there prevailing in the construction industry at the time said services were performed and furnished;

t. failing to provide adequate and proper fall protection;

u. using unsafe and inadequate fall protection;

v. failing to provide and/or require the use of fall protection for workers on the scaffolding;

w. failing to provide adequate scaffolding;

x. using unsafe and improper scaffolding;

y. failing to ensure that the scaffolding provided to and erected on the Project site was safe and appropriate for the Project work;

z. failing to implement and/or equip the scaffolding with arm-brackets;

aa. failing to ensure the contractors hired for the work equipped the scaffolding with necessary and proper arm-brackets;

bb. failing to ensure the scaffolding had proper and safe planking;

cc. failing to warn Plaintiff, a business invitee of the hazardous conditions of the scaffolding;

dd. failing to ensure that all scaffold mid-rails, guards, brackets, cross members or other means designed to prevent workers from falling were properly constructed and secured;

ee. failing to properly and adequately determine, inspect, construct, engineer, fabricate and design a safe method for the use of scaffolds including, but not limited to, requiring that all scaffold mid-rails, guards, brackets, cross members or other means designed to prevent workers from falling be properly constructed and secured;

ff. failing to make the scaffolding safe for use despite knowing it was dangerous and inadequate;

gg. failing to make the scaffolding safe for use despite knowing that it could result in severe injury or death to those lawfully performing work on the scaffold;

hh. failing to properly supervise the construction work;

ii. failing to sufficiently and properly coordinate with other entities and subcontractors at the Project;

jj. failing to postpone work until proper and necessary precautions could be taken to safeguard workers, including Plaintiff;

kk. failing to perform a Job Hazard Analysis and/or Safety Task Analysis or otherwise ensure that others on the Project did so;

ll. failing to enforce Job Hazard Analysis and/or Safety Task Analysis requirements;

mm. failing to properly inspect, supervise, and/or monitor the work;

nn. permitting hazards to exist at the Project;

oo. failing to provide adequate safety supervision, training, and equipment to construction workers, such as Plaintiff; and

pp. permitting a dangerous condition to exist on the premises

**81.** By reason of the carelessness, negligence, and other liability producing conduct of Defendants, Marriott, Concord, Meadow Lands, ABC Corporations (1-5) and John Does (1-5), as aforesaid, Mr. Garcia was caused to sustain the severe and permanent injuries set forth more fully herein.

**82.** By conducting itself as set forth herein, Defendants' acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of harm to Plaintiff.

**WHEREFORE,** Plaintiff, Steven Garcia, claims of Defendants, Marriott International, Inc., Concord Hospitality Enterprises Company, LLC, NF V Meadow Lands, LLC, ABC Corporations (1-5), and John Does (1-5), jointly and/or severally, sums in excess of the jurisdictional threshold in compensatory damages, in addition to interest, costs, and delay damages pursuant to Pa.R.C.P. §238, and brings this action to recover the same.

**COUNT II – NEGLIGENCE**
**STEVEN GARCIA v. PANHANDLE CLEANING & RESTORATION, INC., ABC CORPORATIONS (6-10), and JOHN DOES (6-10)**

**83.** Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

**84.** Upon information and belief, Defendants, Panhandle, ABC Corporations (6-10), and John Does (6-10) were the general contractor and/or construction manager of the Project, and was responsible for the hiring of the contractors performing the work at the Project, and the inspection and supervision of the work performed at the Project, including but not limited to the safety of workers at the Project.

**85.** Upon information and belief, Defendants, Panhandle, ABC Corporations (6-10), and/or John Does (6-10) supplied and/or erected the unsafe scaffolding involved in Plaintiff's accident.



Case ID: 240702384

**86.** At all times material hereto, Defendants, Panhandle, ABC Corporations (6-10), and John Does (6-10) supervised the work on the Project.

**87.** At all times material hereto, Defendants, Panhandle, ABC Corporations (6-10), and John Does (6-10) owed a duty to those persons engaged in work on the premises, including Plaintiff, to provide a reasonably safe environment, free from unreasonable hazards, within which to perform the work.

**88.** At all times relevant hereto, Defendants, Panhandle, ABC Corporations (6-10), and John Does (6-10) undertook the supervision of the Project, and in connection therewith, established plans, recommendations, designs, procedures, and specification for the performance of said work.

**89.** Defendants, Panhandle, ABC Corporations (6-10), and John Does (6-10), having undertaken the inspection and supervision of the work, owed a duty to those persons engaged in the performance of said work, including Plaintiff, to provide a reasonably safe environment, free from unreasonable hazards, within which to perform the work.

**90.** Falls from elevated heights and from scaffolding are among the leading causes of severe injuries and deaths suffered by construction workers, such as Plaintiff.

**91.** Defendants, Panhandle, ABC Corporations (6-10), and John Does (6-10) knew or should have known that falls from elevated heights and from scaffolding are among the leading causes of severe injuries and deaths suffered by construction workers such as Plaintiff.

**92.** Although Defendants, Panhandle, ABC Corporations (6-10), and John Does (6-10) knew or should have known the foregoing, Defendants Panhandle, ABC Corporations (6-10), and John Does (6-10) failed to provide proper fall protection and/or safe scaffolding.

**93.** Defendants, Panhandle, ABC Corporations (6-10), and John Does (6-10) maintained, inspected, supervised, erected, and established the performance of said work,



Case ID: 240702384

including the inadequate and/or unused fall protection system and unsafe scaffolding.

**94.** Defendants, Panhandle, ABC Corporations (6-10), and John Does (6-10) had a responsibility to adopt, promulgate and enforce proper, adequate, necessary and appropriate standards, guidelines, and procedures for the establishment and maintenance of workplace and work site safety.

**95.** Prior to Mr. Garcia's accident, Defendants, Panhandle, ABC Corporations (6-10), and John Does (6-10) knew or should have known of the existence of the dangerous conditions that caused Plaintiff's catastrophic injuries.

**96.** The injuries to Plaintiff were caused by the carelessness, negligence, and other liability producing conduct of Defendants, Panhandle, ABC Corporations (6-10), and John Does (6-10), acting by and through its agents, servants, workers and/or employees, both generally and in the following particular respects:

a. failing to adequately ensure the safety of the worksite;
b. failing to provide Plaintiff with a safe place in which to work;
c. providing unsafe and inadequate scaffolding;
d. erecting the scaffolding in a dangerous and unsafe manner;
e. erecting the scaffolding such that it was unsafe and hazardous;
f. maintaining the subject scaffolding in a dangerous condition;
g. allowing the scaffolding to be erected in a dangerous and inadequate condition;
h. failing to adequately implement necessary and reasonable safety measures, plans, recommendations, designs, specifications, inspections and safety procedures for the Project work;
i. failing to adequately inspect the Project for dangerous and hazardous conditions;
j. failing to adequately inspect the scaffolding on the Project to ensure it was safe for use;
k. failing to properly plan, plot, design, and/or supervise the construction work;
l. failing to adequately supervise the Project;
m. breaching its duties under the Restatement of the Law of Torts (Second) including but not limited to 324A, 343, 343A, 364, 411, 412, 413, 414A, and 415;

n. violating applicable OSHA regulations including but not limited to 29 CFR 1926.450, *et seq.*, and 29 CFR 1926.500;

o. failing to perform and furnish construction, engineering, fabrication, and inspection services in conformity with the standard of care then and there prevailing in the respective industries at the time said services were performed and furnished;

p. failing to adopt, enact, employ, and/or enforce proper and adequate safety programs, precautions, procedures, measures and plans;

q. failing to properly train and supervise its own employees and contractors' and subcontractors' employees;

r. failing to hire competent employees, safety inspectors, contractors and/or subcontractors;

s. failing to warn Plaintiff, a business invitee, of the peculiar, dangerous and unsafe conditions then and there existing at the Project;

t. failing to adopt, enact, employ and/or enforce proper and adequate safety equipment, programs, precautions, procedures, measures, and/or plans;

u. failing to perform and furnish construction services in conformity with the standard of care then and there prevailing in the construction industry at the time said services were performed and furnished;

v. failing to provide adequate and proper fall protection;

w. using unsafe and inadequate fall protection;

x. failing to provide and/or require the use of fall protection for workers on the scaffolding;

y. failing to provide adequate scaffolding;

z. using unsafe scaffolding;

aa. utilizing improper scaffolding;

bb. failing to implement and/or equip the scaffolding with arm-brackets;

cc. failing to warn Mr. Garcia, a business invitee of the hazardous conditions of the scaffolding;

dd. failing to ensure that all scaffold mid-rails, guards, brackets, cross members or other means designed to prevent workers from falling were properly constructed and secured;

ee. failing to properly and adequately determine, inspect, construct, engineer, fabricate and design a safe method for the use of scaffolds including, but not limited to, requiring that all scaffold mid-rails, guards, brackets, cross members or other means designed to prevent workers from falling be properly constructed and secured;

ff. failing to make the scaffolding safe for use despite knowing it was dangerous and inadequate;

gg. failing to make the scaffolding safe for use despite knowing that it could result in severe injury or death to those lawfully performing work on the scaffold;

hh. performing and furnishing construction services in a wholly inadequate and negligent manner;

ii. failing to properly supervise the construction work;

jj. failing to coordinate with other entities and subcontractors at the Project;

kk. failing to postpone work until proper and necessary precautions could be taken to safeguard workers, including Mr. Garcia;

ll. failing to perform a Job Hazard Analysis and/or Safety Task Analysis;

mm. failing to require that a Job Hazard Analysis and/or Safety Task Analysis be completed;

nn. failing to enforce Job Hazard Analysis and/or Safety Task Analysis requirements;

oo. failing to require and enforce a requirement that workers sign off on site specific safety rules;

pp. failing to properly inspect, supervise, and/or monitor the work in a proper manner;

qq. permitting hazards to exist at the Project; and

rr. failing to provide adequate safety supervision, training, and equipment to construction workers, such as Plaintiff.

**97.** By reason of the carelessness and negligence of Defendants Panhandle, ABC Corporations (6-10), and John Does (6-10), as aforesaid, Plaintiff was caused to sustain the severe and permanent injuries detailed more fully herein.

**98.** By conducting itself as set forth herein, Defendants Panhandle, ABC Corporations (6-10), and John Does (6-10) acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of harm to Plaintiff.

**WHEREFORE,** Plaintiff, Steven Garcia, claims of Defendants, Panhandle Cleaning & Restoration, Inc., ABC Corporations (6-10) and John Does (6-10), jointly and/or severally, sums in excess of the jurisdictional threshold in compensatory damages, in addition to interest, costs, and delay damages pursuant to Pa.R.C.P. §238, and brings this action to recover the same.

**COUNT III – NEGLIGENCE**
**STEVEN GARCIA v. DKI RESTORATION, LLC d/b/a DKI COMMERCIAL SOLUTIONS, LLC, ABC CORPORATIONS (6-10), and JOHN DOES (6-10)**



Case ID: 240702384

**99.** Plaintiff incorporates all preceding paragraphs as though fully set forth at length herein.

**100.** Upon information and belief, Defendants, DKI, ABC Corporations (6-10), and John Does (6-10) were the general contractor and/or construction manager of the Project, and was responsible for the hiring of the contractors performing the work at the Project, and the inspection and supervision of the work performed at the Project, including but not limited to the safety of workers at the Project.

**101.** Upon information and belief, Defendants, DKI, ABC Corporations (6-10), and/or John Does (6-10) supplied and/or erected the unsafe scaffolding involved in Plaintiff's accident.

**102.** At all times material hereto, Defendants, DKI, ABC Corporations (6-10), and John Does (6-10) supervised the work on the Project.

**103.** At all times material hereto, Defendants, DKI, ABC Corporations (6-10), and John Does (6-10) owed a duty to those persons engaged in work on the premises, including Plaintiff, to provide a reasonably safe environment, free from unreasonable hazards, within which to perform the work.

**104.** At all times relevant hereto, Defendants, DKI, ABC Corporations (6-10), and John Does (6-10) undertook the supervision of the Project, and in connection therewith, established plans, recommendations, designs, procedures, and specification for the performance of said work.

**105.** Defendants, DKI, ABC Corporations (6-10), and John Does (6-10), having undertaken the inspection and supervision of the work, owed a duty to those persons engaged in the performance of said work, including Plaintiff, to provide a reasonably safe environment, free from unreasonable hazards, within which to perform the work.

**106.** Falls from elevated heights and from scaffolding are among the leading causes of severe injuries and deaths suffered by construction workers, such as Plaintiff.

**107.** Defendants, DKI, ABC Corporations (6-10), and John Does (6-10) knew or should have known that falls from elevated heights and from scaffolding are among the leading causes of severe injuries and deaths suffered by construction workers such as Plaintiff.

**108.** Although Defendants, DKI, ABC Corporations (6-10), and John Does (6-10) knew or should have known the foregoing, Defendants DKI, ABC Corporations (6-10), and John Does (6-10) failed to provide proper fall protection and/or safe scaffolding.

**109.** Defendants, DKI, ABC Corporations (6-10), and John Does (6-10) maintained, inspected, supervised, erected, and established the performance of said work, including the inadequate and/or unused fall protection system and unsafe scaffolding.

**110.** Defendants, DKI, ABC Corporations (6-10), and John Does (6-10) had a responsibility to adopt, promulgate and enforce proper, adequate, necessary and appropriate standards, guidelines, and procedures for the establishment and maintenance of workplace and work site safety.

**111.** Prior to Mr. Garcia's accident, Defendants, DKI, ABC Corporations (6-10), and John Does (6-10) knew or should have known of the existence of the dangerous conditions that caused Plaintiff's catastrophic injuries.

**112.** The injuries to Plaintiff were caused by the carelessness, negligence, and other liability producing conduct of Defendants, DKI, ABC Corporations (6-10), and John Does (6-10), acting by and through its agents, servants, workers and/or employees, both generally and in the following particular respects:

a. failing to adequately ensure the safety of the worksite;
b. failing to provide Plaintiff with a safe place in which to work;
c. providing unsafe and inadequate scaffolding;

d. erecting the scaffolding in a dangerous and unsafe manner;

e. erecting the scaffolding such that it was unsafe and hazardous;

f. maintaining the subject scaffolding in a dangerous condition;

g. allowing the scaffolding to be erected in a dangerous and inadequate condition;

h. failing to adequately implement necessary and reasonable safety measures, plans, recommendations, designs, specifications, inspections and safety procedures for the Project work;

i. failing to adequately inspect the Project for dangerous and hazardous conditions;

j. failing to adequately inspect the scaffolding on the Project to ensure it was safe for use;

k. failing to properly plan, plot, design, and/or supervise the construction work;

l. failing to adequately supervise the Project;

m. breaching its duties under the Restatement of the Law of Torts (Second) including but not limited to 324A, 343, 343A, 364, 411, 412, 413, 414A, and 415;

n. violating applicable OSHA regulations including but not limited to 29 CFR 1926.450, *et seq.*, and 29 CFR 1926.500;

o. failing to perform and furnish construction, engineering, fabrication, and inspection services in conformity with the standard of care then and there prevailing in the respective industries at the time said services were performed and furnished;

p. failing to adopt, enact, employ, and/or enforce proper and adequate safety programs, precautions, procedures, measures and plans;

q. failing to properly train and supervise its own employees and contractors' and subcontractors' employees;

r. failing to hire competent employees, safety inspectors, contractors and/or subcontractors;

s. failing to warn Plaintiff, a business invitee, of the peculiar, dangerous and unsafe conditions then and there existing at the Project;

t. failing to adopt, enact, employ and/or enforce proper and adequate safety equipment, programs, precautions, procedures, measures, and/or plans;

u. failing to perform and furnish construction services in conformity with the standard of care then and there prevailing in the construction industry at the time said services were performed and furnished;

v. failing to provide adequate and proper fall protection;

w. using unsafe and inadequate fall protection;

x. failing to provide and/or require the use of fall protection for workers on the scaffolding;

y. failing to provide adequate scaffolding;

z. using unsafe scaffolding;

aa. utilizing improper scaffolding;

bb. failing to implement and/or equip the scaffolding with arm-brackets;

cc. failing to warn Mr. Garcia, a business invitee of the hazardous conditions of the scaffolding;

dd. failing to ensure that all scaffold mid-rails, guards, brackets, cross members or other means designed to prevent workers from falling were properly constructed and secured;

ee. failing to properly and adequately determine, inspect, construct, engineer, fabricate and design a safe method for the use of scaffolds including, but not limited to, requiring that all scaffold mid-rails, guards, brackets, cross members or other means designed to prevent workers from falling be properly constructed and secured;

ff. failing to make the scaffolding safe for use despite knowing it was dangerous and inadequate;

gg. failing to make the scaffolding safe for use despite knowing that it could result in severe injury or death to those lawfully performing work on the scaffold;

hh. performing and furnishing construction services in a wholly inadequate and negligent manner;

ii. failing to properly supervise the construction work;

jj. failing to coordinate with other entities and subcontractors at the Project;

kk. failing to postpone work until proper and necessary precautions could be taken to safeguard workers, including Mr. Garcia;

ll. failing to perform a Job Hazard Analysis and/or Safety Task Analysis;

mm. failing to require that a Job Hazard Analysis and/or Safety Task Analysis be completed;

nn. failing to enforce Job Hazard Analysis and/or Safety Task Analysis requirements;

oo. failing to require and enforce a requirement that workers sign off on site specific safety rules;

pp. failing to properly inspect, supervise, and/or monitor the work in a proper manner;

qq. permitting hazards to exist at the Project; and

failing to provide adequate safety supervision, training, and equipment to construction workers, such as Plaintiff.

**113.** By reason of the carelessness and negligence of Defendants DKI, ABC Corporations (6-10), and John Does (6-10), as aforesaid, Plaintiff was caused to sustain the severe and permanent injuries detailed more fully herein.

**114.** By conducting itself as set forth herein, Defendants DKI, ABC Corporations (6-10), and John Does (6-10) acts and/or omissions were a substantial factor in, a factual cause of, and/or increased the risk of harm to Plaintiff.

**WHEREFORE,** Plaintiff, Steven Garcia, claims of Defendants, DKI Restoration, LLC d/b/a DKI Commercial Solutions, LLC, ABC Corporations (6-10) and John Does (6-10), jointly and/or severally, sums in excess of the jurisdictional threshold in damages, in addition to interest, costs, delay damages, and compensatory damages, pursuant to Pa.R.C.P. §238, and brings this action to recover the same.

**SALTZ MONGELUZZI BENDESKY P.C.**

BY: *\/s/ Jeffrey P. Goodman*
JEFFREY P. GOODMAN
SAMUEL B. DORDICK
MAX H. DEHON
***Attorneys for Plaintiff***

**VERIFICATION**

I, Steven Garcia, hereby verify that I/we am the Plaintiffs in the foregoing action and that the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are those of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

STEVEN GARCIA

Dated: 01/08/2025